ARCHER v. PALMER.

Opinion delivered April 20, 1914.

1.  WILLS—CONSTRUCTION—INTENTION.—Wills shall be so construed as to carry into effect the intention of the testator, and they are to be so construed as, if possible, to give force and meaning to every clause of the will. (Page 530.)

2.  WILLS—ESTATE FOR LIFE—POWER TO SELL.—Where a testator gives an estate for life only, with the added power to the life tenant to convey the estate absolutely, the life tenant may defeat the estate of a remainderman under the will by the exercise of the power of disposal during his lifetime. (Page 530.)

3.  WILLS—LIFE ESTATE—POWER TO SELL—INTENTION OF TESTATOR.— Where in one clause of a will the testator granted his wife a life estate with remainder over, and in another clause gave the wife the absolute power to dispose of the property, it is the manifest intention of the testator to give the wife the right to dispose of the fee in his estate, and thereby defeat the rights of the remainderman. (Page 533.)

Appeal from Fulton Chancery Court; *James A. Watson,* Special Chancellor; affirmed.

*D. L. King* and *C. E. Elmore,* for appellant.

The third clause of the will intended to create a trust in the executrix for the use of appellant and Freddie Kay Palmer, the executrix being granted a life estate in the whole of the property. If she sold and disposed of any

part of it, it was only for and during her lifetime. At her death it descended as provided in the will. 51 Ark. 61; 52 Ark. 113; 6 Peters 68; 93 U. S. 326; 104 U. S. 291; 98 Ark. 353; 90 Ark. 152; Page on Wills, § 597; 151 S. W. 1015; 22 Ark. 567.

*J. M. Burrow, Lehman Kay* and *McCaleb & Reeder,* for appellees.

The fourth clause of the will gives full power and authority to Laura O. L. Archer "to sell and dispose of any and all property, both real, personal and mixed, in such manner as she may desire of which I may die seized." She was thereby given power to make absolute disposition of every species of property of which the testator died seized, and the clause did not limit her power to dispose of her life estate. The rule is that where a devise gives an unrestricted power of disposal it conveys the estate absolutely and in fee-simple, and this is true even though it might be implied from the terms of the will that the devisor intended that there should be a gift over of what might remain undisposed of at the death of the first taker. 109 U. S. 725; 153 Mass. 137; 80 Ia. 748; 109 Va. 449; 139 Ia. 657; 128 Ia. 746.

A limitation over is void where the will shows a clear purpose to give an absolute power of disposal to the first taker. 5 Mass. 500; 100 Mass. 343; 10 Johns. 19; 45 L. R. A. 53. See, also, 11 L. R. A. 610; 47 Ia. 607; 18 Ala. 132; 12 Gray 376; 27 Cal. 439; 48 Pa. 466; 67 U. S. 408 (17 L. Ed. 292); 5 L. R. A. (N. S.) 323-325. On the questions involved, this case is controlled by *Bernstein* v. *Bramble,* 81 Ark. 480-484, 8 L. R. A. (N. S.) 1028. See, also, 109 U. S. 725 (27 L. Ed. 1089), a leading case.

HART, J. Appellant instituted this action in the chancery court against appellees, and the object and purpose of the action is to construe the will of James M. Archer. On the 20th day of January, 1906, James M. Archer executed his will, and so much of it as is necessary to determine the issues raised by the appeal is as follows:

"I hereby will and bequeath to my adopted son, Granville McClellan Archer, the sum of five hundred dollars in cash, to be paid him by my executrix within one year after my death.

"*Third.* I hereby will and bequeath to my beloved wife, Laura O. L. Archer, all of the remainder of my estate of which I may die seized or possessed of either in law or equity, real, personal or mixed, for and during her natural life, and at her death to descend three-fourths to my adopted son, Granville McClellan Archer, and the remainder, one-fourth, to my beloved niece, Freddie Kay Palmer.

"*Fourth.* I hereby direct, that my beloved wife, Laura O. L. Archer, shall have full power and authority to sell and dispose of any and all property, both real, personal and mixed in such manner as she may desire of which I may die seized."

James M. Archer died on the 20th day of January, 1908, and his will was duly admitted to probate. His estate consisted of both personal and real property. After paying the legacy left to appellant, Laura O. L. Archer, the widow of James M. Archer, took possession of both the real and personal property left by the said James M. Archer, and during her lifetime conveyed it to appellees. She died in June, 1912, and after her death appellant claimed that the property vested in him by virtue of the terms of the will of James M. Archer. Appellees claimed that they were the owners of the property by virtue of the conveyances made to them by Laura O. L. Archer in her lifetime. The facts above stated were set out in appellant's complaint, and the will was made an exhibit to the complaint. The prayer of the complaint was that the court adjudge the rights of the parties under the will of James M. Archer, and that judgment be rendered in favor of the appellant, decreeing a title to him in said property, and that the decree be declared a lien upon the property in the hands of the appellees as being held in trust by them for appellant. The court

sustained a demurrer to the complaint, and dismissed it for want of equity. The case is here on appeal.

The only question sought to be raised by the appeal is the construction of the will of James M. Archer. Counsel for appellees seek to sustain the decree of the chancellor on the authority of *Bernstein* v. *Bramble,* 81 Ark. 480, and contend that under the rule announced in that case, the widow of James M. Archer took an estate in fee-simple to the property devised under the will. We do not agree with them in this contention. In that case the property was devised to the first taker in fee-simple with limitation over to another at the former's death, and the court held that the limitation over was void for repugnancy. There the will plainly gave to the wife of the testator an estate in fee-simple, and in such case the absolute right of ownership in the wife carried with it full power of disposing of the property. The attempt of the testator to control the course of the descent of his property, after giving the fee to his wife, was repugnant to the estate given her, and, on that account, void. The will under consideration did not purport to give the wife a fee-simple estate; and we do not think the case cited has any bearing on the construction of the will under consideration. The will under consideration gave to the widow of the testator his property for and during her natural life and at her death to descend three-fourths to his adopted son, and the remainder, one-fourth to a niece. A subsequent clause of the will gave to his wife full power and authority to sell any and all of the property.

It is contended by counsel for appellant that where a power of disposal accompanies a devise of a life estate, in all cases the power is limited to such disposition as the tenant for life can make. To sustain their position, they cite the case of *Patty* v. *Goolsby,* 51 Ark. 61. They insist that that case conclusively establishes the position which they have assumed; but we do not agree with them in their contention. It must be admitted that there is some language in the opinion which might be construed in that way; but in cases involving the construction of a

will, the language of the opinion must be construed with
reference to the language of the will. Each case depends
to a great extent upon the peculiar words used by the
testator in the will under consideration. In cases of wills,
such construction is to be given as will carry into effect
the intention of the testator, and such construction as
will, if possible, give force and meaning to every clause
of the will. In the case of *Patty* v. *Goolsby, supra,* under
the first clause of the will, the testator gave to his wife
all his property "to have and to hold during her natural
life or until she may think proper to marry, with full
power to sell and dispose of such property as she may
think proper." The second clause of the will is as fol-
lows: "It is my desire that at the death of my said wife,
all my worldly effects be equally divided between my
children." By subsequent provision of the will, he pro-
vides that his children should be educated during their
minority, and that his wife should pay strict attention to
their instruction, and that the means be provided from
his estate for that purpose. The court in that case held
that the wife took a life estate in the property with a re-
mainder over to his children at her death, and that, un-
der the terms of the will, she had only power to dispose
of her life estate. It will be noted that the power of dis-
position in that case was given in the same clause as that
which devised to her the property for her natural life,
and in immediate connection with the devise of the life
estate, thereby indicating that the power of disposal be
limited to the life estate. In other words, the court held
that by the terms of the will, the widow took a life es-
tate, and that since the power of disposition was annexed
to the devise of the life estate, its presence did not give
the widow an unlimited power of disposition, but was re-
stricted to the life estate. It is evident from a careful
reading of the opinion that the court did not intend to
hold that in all cases where the testator devised property
to one person for life with remainder over, and also gave
the first taker the power to dispose of the whole estate,
such power would be limited to a disposal of the life es-

tate. The court based its decision on *Giles* v. *Little,* 104 U. S. 291, and quoted with approval from that opinion as follows:

"The authorities are adverse and show that when a power of disposal accompanies a bequest or devise of a life estate, the power is limited to such disposition as a tenant for life can make unless there are other words clearly indicating that a larger power was intended." So that it will be seen that the effect of that decision is that the testator may devise property to one person with remainder over, and in addition give to the life tenant the absolute and unqualified power of disposition of the whole estate where the language of the will clearly indicates that such absolute power of disposition was intended. So, too, in the case of *Douglass* v. *Sharpe,* 52 Ark. 113, there was nothing to indicate that the testator intended to give to the life tenant the absolute power to dispose of the fee in the estate.

In the first clause of the will under consideration, the wife is given a life estate in the property of the testator not otherwise disposed of by the will, with remainder over to certain devisees at her death. By a subsequent clause of the will, the testator's wife is given full power and authority to sell and dispose of any and all of his property, both real and personal, in such manner as she may desire. The language is very broad and comprehensive. When the will is read and considered as a whole, we think it is manifest that the power of disposal was not limited to such disposition as a tenant for life can make. To so hold would give no effect whatever to the fourth clause of the will; for the tenant for life had the power of disposition without being granted that power under the will. The fourth clause of the will, in express terms, gives her the power of disposal of the whole of his property. It does not purport to give her any absolute right to the property, but only the bare authority to dispose of it. The existence of such a power does not imply ownership, but it does in express terms, give to the life tenant authority to dispose of the prop-

erty absolutely. By the exercise of the power by the life tenant, she could convey the fee to her grantee. According to the current of authority, the rule is that where a testator gives an estate for life only, **with the** added power to the life tenant to convey the estate absolutely, the life tenant may defeat the estate of a remainderman under the will by the exercise of the power of disposal during his lifetime. *Warren* v. *Ingram,* 96 Miss. 438, 23 Am. & Eng. Ann. Cases 422, and case note; *Steiff* v. *Seibert,* 128 Ia. 746, 6 L. R. A. (N. S.) 1186, and case note. A leading case on the subject also is *Burleigh* v. *Clough,* 52 N. H. 267, 13 Am. Rep. 23. It appears from the case notes which we have just cited that this holding is in accord with the great weight of authority. The courts generally hold that where the testator devises his estate to a life tenant with a remainder over, and then gives the life tenant absolute power and authority to dispose of his whole estate, the exercise of such power by the life tenant by conveying the property to other persons during his life, carries the fee and defeats the right of the remaindermen. By this construction, all of the clauses of the will harmonize with each other. Otherwise, the fourth clause of the will could be given no effect whatever. As we have already seen, by the first clause of the will, the wife of the testator was granted a life estate with remainder over. By the fourth clause of the will, she was clearly and expressly given the absolute power to dispose of the property; and we think it was the manifest intention of the testator to give her the power to dispose of the fee in his estate. It is true that in so doing she could defeat the rights of the remaindermen; but the testator had the right to devise the property as he saw fit. He could, by his will, vest in his wife the power to destroy the rights of those in remainder and give to her the authority to dispose of the whole of his estate. If she failed to exercise the power, the remainder would have passed to those who were named in the will to take at her death.

We think that when the whole will is considered and read together, it was the manifest intention of the testator to give to his wife a life estate with the added power of disposing of his whole estate during her life, and, having exercised this power during her lifetime, the estate vests in those to whom she granted it. It follows that the decree of the chancellor will be affirmed.