THURMAN v. SYMONDS.

Opinion delivered December 4, 1916.

WILLS—LIFE ESTATE WITH POWER OF DISPOSITION.—A testator devised his
    lands by one clause in his will to his widow and to her children begotten
    by the testator, and in another clause gave the widow full authority
    to sell and convey the property; *held,* a conveyance of the fee by the
    widow would be valid.   (Archer *v.* Palmer, 112 Ark. 527.)

Appeal from Crawford Circuit Court; *James
Cochran,* Judge; affirmed.

*Covington & Grant,* for appellant.

1.   The widow only took a life estate with re-
mainder in fee to the heirs.   95 Ark. 18; 72 *Id.* 336; 67
*Id.* 517; Kirby's Digest, § 735; 111 Ark. 58; 112 *Id.*
527; 51 Ark. 61; 105 *Id.* 571.

2.   The sale was not made as executrix as required.
Kirby's Digest, § 173; 34 Ark. 151; 109 S. W. 890; 77
*Id.* 182.

*Starbird & Starbird,* for appellees.

1.   Power to sell absolutely was given by the will.
112 Ark. 527.

2.   She properly exercised the power.   31 Cyc.
1150; 108 Pa. St. 129; 27 Atl. 1082; 86 Ark. 399; 53
*Id.* 185.

SMITH, J.   Appellants brought suit to recover pos-
session of certain lands described in their complaint.
They claimed title to the lands through the will of one
A. J. Meadors, which is set out and forms a part of the
complaint.   They alleged that at the death of the said
Meadors, he left a widow, Lucinda K. Meadors, who
qualified as executrix, and later conveyed certain lands
which had belonged to the testator, but these convey-
ances were made in her individual capacity, and not as
executrix, she claiming the authority so to convey
under the will.   The relevant portions of this will are
as follows:

"II.   I bequeath to my beloved wife, Lucinda K.
Meadors, in the event she survives my death, and unto

her children by my body begotten all my property by me owned at the time of my death, both real and personal, and I further will that my said beloved wife be my executrix, and that she administer upon any and all my said property of both real and personal of any kind, including the rights in action to use, sell or dispose of the same or any part thereof without bonds of any kind, and without any process in any court or functionary.

"III. I also bequeath to my beloved wife the right and power to sell and make warranty deed to any real estate that I may be possessed of at the time of my death and to use the proceeds for her own personal use and benefit without bond or process of court or accountability to any person or persons. Now, in the event that I survive my said beloved wife then in that event this will and testament shall be null, void and remain my property as heretofore."

The complaint questions the authority of the widow so to convey. The court sustained a demurrer and dismissed the complaint, and this appeal questions that action.

Counsel for appellant argue that the case is similar to and is controlled by the case of *Patty* v. *Goolsby*, 51 Ark. 61; while counsel for appellee say the case of *Archer* v. *Palmer*, 112 Ark. 527, announces the doctrine which controls here; and we are of this latter opinion. A comparison of the will set out in the opinion in that case with the one now under consideration shows a striking similarity. A clause of the will in the Archer case gave the widow a life estate with remainder over to a son and a niece. Another clause gave full power to sell and dispose of any and all the property. Here one clause contains a devise to the widow and to her children begotten by the testator; and another clause gave her the full authority to sell and convey the property. It was argued there, as here, that to so construe the will as to give the widow the authority to convey the fee in the land would operate to defeat the estate in remainder, and it was said there, as here, that the case of *Patty* v. *Goolsby* forbade that construction. It

was pointed out, however, in the case of *Archer* v. *Palmer, supra,* that in the case of *Patty* v. *Goolsby,* the power of disposition was given in the same clause as that which devised to the widow the property for her natural life and in immediate connection with the devise of the life estate, thereby indicating that the power of disposal was to be limited to the life estate, and that as by the terms of the will the widow took only a life estate, and that since the power of disposition was annexed to the devise of this life estate, its presence did not give the widow an unlimited power of disposition, but was restricted to the life estate. In the case of *Archer* v. *Palmer,* it was also said:

"The language is very broad and comprehensive. When the will is read and considered as a whole, we think it is manifest that the power of disposal was not limited to such disposition as a tenant for life can make. To so hold would give no effect whatever to the fourth clause of the will; for the tenant for life had the power of disposition without being granted that power under the will. The fourth clause of the will, in express terms, gives her the power of disposal of the whole of his property. It does not purport to give her any absolute right to the property, but only the bare authority to dispose of it. The existence of such a power does not imply ownership, but it does in express terms, give to the life tenant authority to dispose of the property absolutely. By the exercise of the power of the life tenant, she could convey the fee to her grantee. According to the current of authority, the rule is that where a testator gives an estate for life only, with the added power to the life tenant to convey the estate absolutely, the life tenant may defeat the estate of a remainderman under the will by the exercise of the power of disposal during his lifetime."

What was said there is applicable to the construction of this will, and in so far as this case differs from the instant case this is a stronger one for the application of this principle, for in the *Archer* v. *Palmer* case the power was granted to one who had only a life estate,

whereas here the will vests the fee in the widow and her heirs by the testator begotten.

Nor do we think the conveyances executed by Mrs. Meadors are void because they were executed by her in her individual capacity rather than as executrix of the estate of her husband. Under the second clause of the will she might have conveyed as executrix for purposes of administration upon this estate, but however that may be, the grant of the power to convey contained in the third clause of the will was to her as wife, and not as executrix, and the conveyances in question were made pursuant to this power, and for the reasons stated will be upheld.

The judgment of the court below is, therefore, affirmed.