UNION & MERCANTILE TRUST COMPANY v. HUDSON.

Opinion delivered April 19, 1920.

1.  WILLS—LIFE ESTATE WITH POWER OF DISPOSAL.—Where a testator gives an estate for life only, with power in the life tenant to convey the estate absolutely, the life tenant may defeat the estate of a remainderman by exercise of such power.

2.  WILLS—CONSTRUCTION.—The primary object in construing a will is to ascertain and declare the intention of the testator.

3.  WILLS—CONSTRUCTION AS A WHOLE.—The intention of the testator is to be gathered from a consideration of the entire will; and if it can be construed so as to make the various provisions consistent with each other, every provision must be given effect.

4.  WILLS—CONSTRUCTION.—Where a will devised all the residue of property of testatrix to her mother during her life with the right to sell and incumber it, and provided that upon her death it should go to certain trustees, the life tenant took an absolute power of disposal, and her conveyance vested the fee in her grantee.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

STATEMENT OF FACTS.

John M. Moore, W. B. Smith, and J. Merrick Moore, brought this suit in equity against the Union & Mercantile Trust Company for the specific performance of a written contract whereby the plaintiffs agreed to convey to the defendant certain property in the city of Little Rock for

the sum of $150,000 cash. The contract provided that the plaintiffs were to execute and deliver to the defendant a warranty deed and an abstract of title showing a good title to the property.

The plaintiffs alleged in their complaint that they delivered such an abstract to the defendant and tendered it a deed, but that the defendant refused to accept the deed or to comply with its contract.

The defendant admits its refusal to carry out the contract and as grounds therefor avers that the plaintiffs have not tendered a good title. It alleges that plaintiffs acquired their title to an undivided interest in the property through a warranty deed executed to them by Mrs. Charlotte D. Turner, who took under the will of Miss Sue C. Turner, deceased.

The will in question, after bequeathing in the first clause certain silverware, jewelry, china, etc., to the mother of the testatrix, in the second clause reads as follows:

"*Second.* I give, bequeath and devise all the rest and residue of my estate owned by me at the time of my death, real, personal and mixed to my mother, Charlotte D. Turner, to have, hold, use and enjoy during her natural life, it being my desire that she shall have the absolute right to sell or encumber it without any restrictions whatever."

The first part of clause three of the will reads as follows:

"Upon the death of my mother, the title to all my property, real, personal and mixed, undisposed of by her, as well as any of it which remains by conversion into other property, shall vest in John M. Moore, Henry D. Parker and William B. Smith, as trustees, or in such of them as are living."

The chancellor found the issues in favor of the plaintiffs and a decree was entered accordingly. The defendant has appealed.

*Cockrill & Armistead,* for appellant.

Under the decisions in 51 Ark. 61 and 112 *Id.* 527, Charlotte D. Turner took only a life estate under the will and had no power to convey more than a life estate. Smith and Moore acquired no greater interest.

Appellees have not tendered a good title, and the demurrer should have been overruled.

*H. M. Trieber,* for appellees.

A testator may devise property to a tenant for life, with the remainder over, and in addition give the life tenant the absolute and unqualified power of disposal of the whole estate, where it is clear that such a disposal is intended. 112 Ark. 527-532-3; 126 *Id.* 216; 51 *Id.* 61; 104 U. S. 291. Under the will Charlotte D. Turner had full power to convey the fee simple estate. 89 N. E. 499-500. *Patty* v. *Goolsby* does not control this case. See also 125 Mass. 453; 90 Pac. 233; 142 S. W. 402; 144 N. W. 549; 153 U. S. 367. The title tendered was a fee simple title and the decree is right.

HART, J. (after stating the facts.) The decree of the chancellor is based upon the decisions in *Archer* v. *Palmer,* 112 Ark. 527, and *Thurman* v. *Symonds,* 126 Ark. 216.

In the first mentioned case the court held that where a testator gives an estate for life only, with the added power to the life tenant to convey the estate absolutely, the life tenant may defeat the estate of a remainderman under the will by the exercise of the power of disposal during his lifetime.

The court further held that where in one clause of a will the testator granted his wife a life estate with remainder over, and in another clause gave the wife the absolute power to dispose of the property, it was the manifest intention of the testator to give the wife the right to dispose of the fee in his estate, and thereby defeat the rights of the remainderman. That case controls here. The primary object in construing a will is to ascertain and declare the intention of the testator. The in-

tention of the testator is to be gathered from a consideration of the entire will, and if it can be construed so as to make the various provisions consistent with each other, every provision of the will must be given effect. By the terms of the will the mother of the testatrix took two things—an estate for life, and a power of disposal of the whole estate.

The second clause of the will in express terms bequeaths and devises all the rest and residue of the estate of the testatrix to her mother "to have, hold, use, and enjoy during her natural life, it being my desire that she shall have the absolute right to sell or encumber it without any restrictions whatever." This gives to the mother of the testatrix a life estate and an added power of disposal of the whole estate. It contemplates a possibility that a portion of the property may remain undisposed of under the power of disposal granted to the life tenant. This construction of the second clause is in harmony with the provision in the first part of the third clause of the will, which provides that upon the death of the mother the title of all the property undisposed of by her shall vest in John M. Moore, Henry D. Parker and William B. Smith, as trustees. Other clauses of the will define the trust.

It is claimed that the holding in the case of *Archer* v. *Palmer, supra,* was based upon the fact that the life estate and the power of disposal were not given in the same clause of the will.

We do not agree with counsel in that contention. The court, by the cases cited, shows that it intended to follow the current of authority on the question in this country, which holds that when a whole will as considered and read together shows that it was the manifest intention of the testator to give a life estate with the added power in the life tenant of disposing of the whole estate during his life, and the life tenant exercises the power of disposal during his lifetime, the estate vests in those to whom the life tenant granted it.

The case of *Patty* v. *Goolsby,* 51 Ark. 61, and *Douglass* v. *Sharp,* 52 Ark. 113, relied upon by counsel for the defendant, are not applicable. There is nothing in either case to indicate that the testator intended to give to the life tenant the absolute power to dispose of the fee in the estate. Such intention is clearly indicated by the unrestricted power of disposal expressly granted by the second clause of the will under consideration, and this view is materially strengthened when we consider the language in the first part of the third clause.

It follows that the decree must be affirmed.