## GOFF *v.* BEATY.

### Opinion delivered February 12, 1923.

1. LIMITATION OF ACTIONS—CONTRACT IN WRITING.—A right of action in favor of an heir under a written contract to make a will accrued against the coheirs upon the promisor's death, and was governed by Crawford & Moses' Dig. § 6955, providing that suit on contracts in writing must be brought within five years.

2. ADVERSE POSSESSION—NOTORIETY.—Where plaintiff's mother agreed to will him land in consideration of his taking care of her, and the character of his subsequent possession of the land was not changed either before or after her death, his possession after her death was not adverse to his coheirs.

Appeal from Union Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*McNalley, Kitchen & Harris,* for appellant.

An agreement to will property upon the consideration that the promisee will perform certain services is good, where it is shown that the services were performed. 102 Ark. 30; 105 Ark. 494; 128 Ark. 1; 117 Ark. 228; Elliott on Contracts, vol. 3, § 2325, 40 Cyc. p. 1063, § 6; 33 L. R. A. 369. The heirs, devisees or trustees of the deceased promisor will be treated as trustees charged with the express duty of making proper conveyance. 3 Elliott on Contracts, § 2325; 33 L. R. A. 369; 102 Ark. 30. The statute of limitations will not run against the beneficiary of an express trust, unless the trustee expressly repudiates the trust or the circumstances are such as to raise a presumption of the extinguishment of the trust. 46 Ark. 25; 101 Ark. 230; 52 Ark. 76; Story's Eq. Juris. 14 ed. vol. 3, § 1973. A trustee cannot acquire title to real estate by limitations, when there has been no disclaimer of the trust. 52 Ark. 76; 101 Ark. 230. The rule that the statute of limitations will not bar a trust applies to those express trusts that are not cognizable of law. 20 Ark. 195; 16 Ark. 124. The statute does not move in favor of a vendor who is under obligation to convey the legal title, unless he has given notice of his intention not to convey. 44 Ark. 452; 79 Ark. 100; 85 Ark. 584.

*Pope & Brown,* for appellee. ·

Under a contract to make a will, where promisor dies without doing so, the breach occurs at the death of the promisor, and the cause of action arises at that time, and the statute of limitations then begins to run. 40 Cyc. 1071; 117 Ga. 94; 42 S. W. 46; 63 N. E. 782; 7 Fed. 82. Unless action be commenced within five years from such time, the promisee's rights are barred. C. & M. Digest, § 6955. Appellees were not parties to an express trust, such as would avoid the running of the statute. See 11 Am. Dec. 417; 46 Ark. 34; 25 Cyc. 1153. There was no relation of vendor and vendee here.

HUMPHREYS, J. On the 27th day of April, 1921, appellant instituted suit in the Union Chancery Court against appellees to compel them to convey the frl. W. half of sec. 5, and frl. E. half of sec. 6, tp. 20 S. R. 16 W., Union County, Ark., to him, in performance of the terms of a contract entered into on the 20th day of June, 1901, between appellant and his mother, Alvira Goff, whereby she agreed in writing to will him all her real estate in consideration that he remain with and take care of her during the remainder of her life. It was alleged in the bill that he immediately entered upon the performance of the contract, and fully complied with the terms and conditions thereof by caring and providing for his mother until her death on the 1st day of December, 1915; that on said date she died intestate the owner of said real estate, leaving surviving, as her only heirs, appellant and appellees; that during the lifetime of his mother they resided upon said lands, and that after her death he occupied them openly, exclusively, and adversely, paying the annual taxes thereon, under absolute claim of ownership.

Mrs. M. J. Reams, one of the defendants in the case, conveyed her undivided interest in said lands to appellant, and filed no answer.

Annie Beaty for herself, and Walter Brown, guardian *ad litem* for G. W. Goff, filed a joint answer, admitting that their mother died intestate, owner of said lands, but denying all other material allegations in the bill; and, by way of further defense, pleading the five-year statute of limitations in bar of appellant's right to enforce the alleged contract.

The cause was submitted to the court upon the pleadings and testimony introduced by the parties responsive to the issues, which resulted in a dismissal of appellant's bill because the action was not commenced within five years after the death of Alvira Goff.

The record reveals that Alvira Goff donated the land in question in 1880 from the State of Arkansas; that she and all her children, except Annie Beaty, immediately moved on the place, cleared it up, and established a home; that the family consisted of the mother and four children, George, Mary, Rachel, and Bruce (appellant); that at the time George was twenty-one and Bruce nine years old; that the girls, as well as the boys, cleared and cultivated the land; that Rachel resided in the home until she attained to the age of thirty, at which time she died, leaving no direct heirs; that Mary lived in the home a number of years before she married and moved to a home of her own; that three years after moving on the place George developed a mild form of insanity and was sent to the asylum for treatment, where he remained for six months; that he was not entirely cured, but returned and continued to reside in the home and cultivate a part of the land until two years after the mother died, when he was again sent to the Hospital for Nervous Diseases, where he has since remained; that, when affliction incapacitated George, the management of the farm devolved upon Bruce; that on the 20th of June, 1921, Bruce accompanied his mother to town, where she executed the contract sought to be enforced, which is as follows:

"Junction City, Arkansas, June 20, 1901.

"I have agreed to will all my real estate of land to my son, B. B. Goff, for taking care of me and caring for me, Alvira Goff.

"W. half W. half S. 5 T. 20 R. 16............................................55.92

"E. half E. half, S. 6, T. 20, R. 16............................................56.35

"One dollar to other heirs.                                    112.27

her

"ALVIRA  X  GOFF.

mark

"J. R. Bishop, J. P."

That when executed the contract was delivered to and accepted by him as an inducement to get him to remain at home; that he had expressed an intention to leave home unless some such arrangement was made; that the execution and delivery of the contract was not divulged to appellant's brother and sisters until three months before the institution of this suit; that, prior to the execution of the contract, Bruce was manager of the farm, and handled all the proceeds derived therefrom, expending same in the maintenance of the farm and family; that his relationship to the place before and after the agreement was the same; that six or seven years before his mother died he married and took his wife into the home; that after his mother died appellant, his immediate family, and George remained upon the place for about two years; that George was then sent to the asylum, since which time appellant has resided upon the farm and applied the proceeds therefrom to the payment of improvements, repairs, taxes, and support of his family, accounting to no one for rents and profits; that no demand was made upon him for rents and profits by his brother and sisters; that about three months before bringing suit appellant attempted to get his sisters to join him in an oil lease upon the lands to J. M. Brown; that they refused to do so, whereupon he asserted title to the lands under the contract for a will to them.

While the testimony is somewhat conflicting as to the contributions of the several children toward the support of their mother, the decided weight thereof shows that the appellant met all the requirements of the contract after June 20, 1901, in maintaining and supporting his mother.

Appellant contends that under the record made he is entitled to the specific performance of the contract, or, failing in that, to a decree quieting his title by reason of seven years' adverse possession of the land.

(1) The right of action, under the contract, accrued against the heirs of Alvira Goff at the time of her death. 40 Cyc. 1071. She died on the first day of December, 1915. Under § 6955, Crawford & Moses' Digest, suits upon contract in writing must be brought within five years after the right of action accrues. This suit was not commenced until the 27th day of April, 1921, more than five years after the action accrued, hence was barred by the five years' statute of limitations.

(2) There was no change in the attitude of appellant toward the land before and after the execution of the contract in question. The character of his possession was exactly the same. He resided with his mother upon it, managing it, and controlling it for the benefit of the family. No claim of adverse or exclusive possession was asserted or claimed against his mother. In fact, absolute secrecy was maintained concerning the execution of the contract for a will. After the death of Alvira Goff, appellant and appellee, G. W. Goff, occupied the farm together for two years, each cultivating a part of it. Five years after the death of Alvira Goff, appellant tried to get his sisters to join in an oil lease upon the lands to J. M. Brown. All of appellant's acts and conduct relating to the possession of the lands, after the death of Alvira Goff, are perfectly consistent with, and may be attributed to, a tenancy in common.

The decree is therefore affirmed.