FIELDS *v.* KLINE.

Opinion delivered December 17, 1923.

1. WILLS—RIGHT OF WIDOW TO DISPOSE OF REALTY.—A will giving the testator's land and personal property to his ·widow during widowhood "with the right to use and manage said property in any manner she may choose, for her support and maintenance," with remainder over to certain children of the testator, did not vest the widow with a fee in the land nor the right to dispose of it,, so as to defeat the remaindermen's rights.

2. WILLS—TESTATOR'S INTENTION.—The courts must gather the testator's intention from the language employed by him.

Appeal from Union Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*J. A. Comer* and *Cohn, Clayton & Cohn,* for appellant.

For the purpose of construing a will, the court will read all its provisions and give it such construction as appears to have been the intention of the testator. 151 Ark. 189; 141 Ark. 484; 115 Ark. 400; 112 Ark. 527; 104 Ark. 439; 98 Ark. 553. The will in question, when read as a whole, means that the widow should take the title to the property with the right to dispose of it for her maintenance, or, if she did not dispose of it, then the remaining part, at her remarriage or death, to descend in the manner specified. Where a life estate is conveyed, with the right to use the property for support or maintenance, with a residuary clause that the balance that remains, or words of like import, should go to other legatees, it is generally held that the life tenant is given, by implication, the right to dispose of the fee. ·140 Ga. 101; 111 Atl. 506; 103 Me. 17; 99 Me. 334; 128 Iowa 750; 132 N. E. 761; 110 Atl. 238; 163 Ky. 442; 205 S. W. 1141.

*McNalley, Kitchen & Harris,* for. appellee.

The will granted only a life estate to the widow, with power, perhaps, to sell or dispose of perishable and personal property, and falls within the rule declared in 51 Ark. 61; 52 Ark. 113; 146 Ark. 443. The deed by the widow conveyed only her life estate.

SMITH, J.   The appeal in this case involves the construction of the following will:

"I devise and bequeath to my wife, Martha Susan Hill, in lieu of her rights of dower and homestead, all my property, both real and personal, to have and hold the same as long as she shall remain my widow, with the right to use and manage said property in any manner she may choose, for her support and maintenance. In case my said wife Martha should remarry, she shall only retain her dower and homestead interest under the law, from what may be left of said property at the time of said remarriage. In case of the remarriage of my said wife Martha, and after the taking of her dower and homestead from my said estate, I devise and bequeath the residue of my said property as follows: To my daughter, Hattie Blackwood, the sum of one dollar, and after the said one dollar shall be paid to my said daughter Hattie, the remainder of my said property to go, share and share alike, to the rest of my children, Eula Stovall, Leroy Hill, Nettie Leigh and Lottie Kline.

"In case my said wife should not remarry and should die my widow, then I bequeath the residue of my property remaining at her death as follows, to wit: One dollar to my daughter, Hattie Blackwood, if living, and, if she be dead, one dollar to the heirs of Hattie Blackwood, and, after the payment of said one dollar, the residue, share and share alike, to the remainder of my children—Eula Stovall, Leroy Hill, Nettie Leigh and Lottie Kline—or to the heirs, if any be dead.

"In case my said wife, at my death, should elect to take of my property under the law, then the residue of my property I bequeath as follows, to-wit: One dollar to my daughter, Hattie Blackwood, or to her heirs if she be dead, and the residue of my property, after payment of the said one dollar, I bequeath to the remainder of my children, Eula Stovall, Leroy Hill, Nettie Leigh and Lottie Kline, share and share alike, or to the heirs of any of said children as may be dead."

Appellant, who was the plaintiff below, claims under a deed from the testator's widow wherein the fee title was conveyed. Appellees, the defendants below, are the heirs-at-law of the testator, and claim that the widow took only a life estate in the lands. The deed from the widow to appellant's grantor was a plain warranty deed, and contained no recitation that the land was conveyed for the purpose of raising funds with which to support herself, under any power or right given under the will authorizing her so to do.

The court below sustained a demurrer to the complaint, in which the plaintiff undertook to have the title to the land quieted in himself; and this action is defended upon the ground that the will did not convey a fee title to the land, nor grant to the widow the right to dispose of the fee in the land so as to defeat the rights of the testator's children, the remaindermen.

We concur in this view, as, in our opinion, the widow was given only a life estate in the land, with the right to use and manage the same for the purpose of providing support and maintenance for herself. The right to dispose of the lands is the only question involved on this appeal.

In our opinion, the will under review is so nearly like the one construed in the case of *Patty* v. *Goolsby*, 51 Ark. 61, that it is to be controlled by the decision in that case. It was there said (to quote a syllabus) as follows: "By the first item of his will a testator gave 'his entire estate,' real and personal, to his wife, 'during her natural life,' or until she might 'think proper to marry, with full power to sell and dispose of such property as she might think proper.' The second and third items are as follows: 2. 'It is my desire that, at the death of my said wife, all my worldly effects be equally divided between my children.' 3. 'If my wife should marry, it is my will and desire that my estate of all kinds whatsoever be equally divided between my wife and children, thereby each one to share each and

each alike.' By other provisions the wife was made executrix and charged with the payment of the testator's debts and the education of his children out of the estate. *Held:* (1) That the testator gave to his wife a life estate in the real property, with remainder in fee to his children. (2) That while, under the power contained in the will, the wife could dispose absolutely of the personal property of the testator, she could sell only her life interest in his real estate.''

It is the contention of appellant that the will in question grants a life estate to the widow, with power to dispose of the fee for purposes of her own maintenance; that a person given a life estate by will may also, in the same instrument, be granted the power of disposition of the fee.

If such a power is here conferred, it must be found in the first paragraph, for the second and third paragraphs contemplate the contingency of the widow remarrying or of renouncing the will, and provides the disposition to be made of the estate in either of those events, and clearly contemplates there will be an estate undisposed of if it be so divided.

It is the first paragraph of the will which undertakes to define the estate granted the widow. In it the testator bequeaths to her ''all my property, both real and personal, to have and hold the same as long as she shall remain my widow, with the right to use and manage said property in any manner she may choose, for her support and maintenance.''

It is significant that, while the language quoted covers the entire estate, the power given is to ''use and manage,'' and this during the period of widowhood. The estate consisted of both real and personal property, and, no doubt, the testator intended to give the widow the right to consume the personal property, for such property, as is pointed out in *Patty* v. *Goolsby, supra,* is ordinarily consumed in its use. But, in defining the power granted, the testator employed the word

"manage" also, which was no doubt intended to refer to the real estate, which would not be consumed by use. It is significant also that the testator did not use the words "sell and convey," or other words of similar import, which are usually employed when the power of sale is intended to be granted, but employed only the words "use and manage."

Appellant cites and relies upon the case of *Archer v. Palmer*, 112 Ark. 527. There a testator devised his widow an estate for life only, but he added power to the life tenant to convey the land absolutely, and we held that, because of the grant of this power, the life tenant might defeat the estate of the remaindermen by the exercise of the power. We there distinguished the facts of that case from those in the case of *Patty* v. *Goolsby, supra,* and, in doing so, said: "It will be noted that the power of disposition in that case *(Patty* v. *Goolsby)* was given in the same clause as that which devised to her the property for her natural life, and in immediate connection with the devise of the life estate, thereby indicating that the power of disposal be limited to the life estate. In other words, the court held that, by the terms of the will, the widow took a life estate, and that, since the power of disposition was annexed to the devise of the life estate, its presence did not give the widow an unlimited power of disposition, but was restricted to the life estate." So here, the language which is said to confer a power of sale appears in the same paragraph which grants the estate, and thus apparently refers to the estate there granted, which is the right to use and manage all the property, both real and personal, during widowhood.

In the will under review there was no provision that the widow might dispose of the property as she saw fit—the power granted is to use and manage during her widowhood, and it appears in the clause which grants the interest itself, and, while that interest (except in the contingencies provided against in the second and

third paragraphs) is all the property, both real and personal, the power granted is to use and manage that interest, and not to sell or convey.

Counsel cite and review a number of our cases, as well as a number from other jurisdictions, which construe wills more or less similar to the one under review; but no useful purpose would be served in reviewing those cases and pointing out the differences in the wills construed which induced the courts construing them to hold that the power of sale existed in some cases, but did not exist in others. It was the purpose of the court in each case to ascertain the intention of the testator, and that was gathered from the language employed by him. So here, we must gather the intention of the testator from the language which he has employed, and we have concluded that the power to sell the fee was not granted the widow, and the decree of the court below, based upon that construction of the will, is affirmed.