## COTNER *v.* ALLINDER.

### Opinion delivered May 9, 1927.

WILLS—FEE SIMPLE INTEREST.—Under a will authorizing defendant's wife, as executrix, to sell all testator's realty to liquidate all his debts, and to retain the balance arising from said sale for her own benefit, *held* that the executrix had absolute power to convey the fee in the whole and to retain any balance arising from said sale for her own benefit after discharging the testator's debts.

Appeal from Logan Chancery Court, Southern District; *J. V. Bourland,* Chancellor; affirmed.

*Kincannon & Kincanon,* for appellant.

*Evans & Evans,* for appellee.

McHANEY, J. Appellants are the children and grandchildren of a former wife, and appellee is the widow of J. C. Cotner, who died testate in the Southern District of Logan County on November 15, 1920. The pertinent parts of his will, which was duly probated, are as follows:

"First. I hereby constitute and appoint my wife, Ethel Cotner, to be the sole executrix of my last will, directing my said executrix to pay all my just debts and funeral expenses, and the legacies hereinafter given out of my estate.

"Fourth. I devise to my said executrix all my real estate, with remainder thereof, on her decease, to my said children and their heirs, respectively, share and share alike, excepting as follows, in fifth of this will.

"Fifth. I direct my said executrix to sell any and all of my realty, so far as the settlement of my mortgage debts demand, and with the funds of said sale liquidate all liens against said realty. Should my executrix choose to sell all my realty, then I direct her to liquidate all my debts and retain any balance arising from the said sale for her own benefit. The sale of my realty and settlement of my debts shall be left wholly to the direction of my said executrix."

At the time of his death the testator owned about 240 acres of land and five or six lots in the town of Booneville, and on the acreage there was a mortgage indebtedness of approximately $4,000. This was substantially all the property owned by him. The widow, appellee, with her own funds paid off and satisfied this indebtedness. In December, 1924, she entered into a written contract with L. P. Hewett for the sale of the acreage for $4,000, and tendered him a deed therefor. He declined to accept said deed and pay for said land, on the ground that, under the above provisions of the will of J. C. Cotner, the appellants were claiming some interest in said land, and that she acquired only a life estate in the remainder of said property after the payment of the debts. She thereupon instituted this action against Hewett for specific performance and against the appellants for a construction of the will. The court decreed title in fee simple in appellee and specific performance against Hewett, from which comes this appeal.

The validity of the will is not questioned. In the language of counsel for appellant, "there is only one question involved: what interest have the appellants and the appellee in the lands in controversy?" The chancellor answered this question for appellants by holding they had no interest therein. We agree that this decision is correct. The "fifth" paragraph above quoted gives

appellee the absolute power to sell the whole of said real estate, provided she paid all the testator's debts. If she did this, and there is no contention to the contrary, then she had absolute power of sale to convey the fee in the whole and "retain any balance arising from the said sale for her own benefit." The "fourth" paragraph is entirely dependent upon the fifth.

This case is ruled by the decisions of this court in *Archer* v. *Palmer*, 112 Ark. 527, 167 S. W. 99; *Thurman* v. *Symonds*, 126 Ark. 216, 190 S. W. 106; and *Union & Merc. Trust Co.* v. *Hudson*, 143 Ark. 519, 220 S. W. 820. Appellants rely upon *Patty* v. *Goolsby*, 51 Ark. 61, 9 S. W. 846, but, as said in *Union & Merc. Trust Co.* v. *Hudson, supra*, "the case of *Patty* v. *Goolsby*, 51 Ark. 61, 9 S. W. 846, and *Douglass* v. *Sharp*, 52 Ark. 113, 12 S. W. 202, relied upon by counsel for defendant, are not applicable. There is nothing in either case to indicate that the testator intended to give the life tenant the absolute power to dispose of the fee in the estate. Such intention is clearly indicated by the unrestricted power of disposal expressly granted by the second clause of the will under consideration, and this view is materially strengthened when we consider the language in the first part of the third clause."

We do not deem it necessary to review these cases, showing their applicability to this case, as a careful consideration of them leads inevitably to the conclusion that they are decisive of this case. The decree is therefore affirmed.