STATE *ex rel.* McDANIEL, STATE TREASURER, *v.* GAUGHAN, EXECUTOR.

Opinion delivered June 26, 1916.

1. WILLS—DEVISE OF LIFE ESTATE—ENLARGEMENT—POWER OF DEVISEE TO ALIENATE.—When a life estate is expressly devised and the life tenant is given the power of disposition or appointment over the fee, this power does not enlarge the life estate into a fee.

2. WILLS—LIFE ESTATE—POWER OF DISPOSITION DURING LIFE—DISPOSITION BY WILL.—Property was willed to B. for life, with a power of disposition in B. to be exercised "during her natural life," *held,* B. therefore could not dispose of the property by will.

3. WILLS—DEVISE TO WIFE FOR LIFE WITH POWER OF APPOINTMENT—REMAINDER TO HEIRS OF TESTATOR AND OF WIFE.—B. devised land to his wife for life, with certain powers of appointment in her, with the provision that "all my property which my said wife may not dispose of as aforesaid, and all which may be undisposed of at her death, shall be divided equally in two parts. One part to go to my heirs, * * * and the other equal part to go to the heirs of my said beloved wife * * *." A codicil provided, "and in case my beloved wife should survive me and afterwards die, any portion of the property of my estate devised to her undisposed of, then that portion is to go equally to our heirs at law respectively." *Held,* under the will and codicil, that the wife took an estate for life (with power of appointment annexed); upon her death one moiety of the undisposed of estate to go in remainder to her heirs, the other moiety to pass in remainder to the heirs of the original testator.

4. INHERITANCE TAX—ESTATES LIABLE THEREFOR.—Under the facts set out in the next preceeding syllabus, the original will having been executed before the passage of the inheritance tax law, and the wife having died after its passage, *held,* that the interest taken by the heirs of the original testator was not subject to the tax, while that taken by the heirs of the wife was subject to the same.

Appeal from Ouachita Circuit Court; *C. W. Smith,* Judge; reversed.

*Wallace Davis,* Attorney General, and *A. N. Meek,* for appellant; *Wingo & Meek,* of counsel.

1. Martha Bross was seized in fee simple of the realty sought to be taxed. That was the plain intention of the will and devisor. 31 Cyc. 1091; 3 Kerr on Real Property, 1814; 20 Gratt (Va.) 692; 1 Underhill on Wills, 650.

2. The power of appointment conferred upon Mrs. Bross in the will of her husband authorized her to dispose of the devised estate by will. This she did, and therefore under the statute her executor is liable for the inheritance tax on all property passing under the will. 40 Cyc. 1830 *et seq.;* Castle's Supplement, § 6874 a and b.

3. The devise, under the rule in Shelley's Case, was an estate in fee simple in one-half of the realty remaining undisposed of at her death. 1 Co. 93; 2 Tho. Co. 143; Preston on Estates, 263; 58 Ark. 310; 67 *Id.* 517; 72 *Id.* 337; Kirby's Dig., § 735; 239 Ill. 462; 88 N. E. 189; 22 Am. & Eng. Enc. Law, p. 1098; 25 *Id.* 641; Washburn on Real Property, ¶ 1613; 40 Cyc. 1421 *et seq.*

*Gaughan & Sifford,* for appellee.

The beneficiaries take under the will of William Bross and the executor is not liable for the tax on the realty. Under his will, the wife took only a life estate in the real property. A grant by will is not a grant during the lifetime of the testator. The rule in Shelley's Case does not apply. Under the will and codicil the grant was only for life to Mrs. Bross, remainder to his and her heirs equally. Under the codicil the rule in Shelly's Case does not apply.

SMITH, J. This proceeding was brought by the State against the executor of the estate of Mrs. Martha Bross, for the purpose of collecting the inheritance tax alleged to be due on said estate. The executor admits his liability for the tax on all personalty passing under the will, but denies liability for any tax on the realty on the ground that, under the will of William Bross, the husband of Mrs. Bross, under which she claimed title to the

estate in question, she became vested with only a life estate in such realty and that, therefore, her will, in so far as it attempted to convey same, was inoperative, and that such property, upon her death, descended in remainder according to the provisions of the William Bross will, and not by devise or descent from Mrs. Bross. Mrs. Bross died testate August 1, 1915, and by her will undertook to devise one-half of the estate to her heirs, and the other half to the heirs of her husband.

The State contends (1) that, under the will of William Bross, his widow became vested with a fee simple estate in the devised property; (2) that, even if the William Bross will did not have the effect of vesting a fee simple in his widow, still it contained a power of disposition broad enough to permit her to dispose of the estate by will; and (3) that, under the William Bross will, his widow took a fee simple estate in at least one-half of the portion remaining undisposed of at her death by virtue of the operation of the rule in Shelley's Case.

William Bross died and his will was probated before the passage of the inheritance tax law. Mrs. Bross died and her will was probated subsequent to the passage of that law.

The trial court gave judgment only for the amount of the tax accruing on the personalty passing under Mrs. Bross' will, and the State has appealed.

The provisions of the William Bross will and of the codicil thereto under which these questions arise are as follows:

"*First.* I will and bequeath and devise all my property, real and personal, moneys, rights and credits, which I now possess or may die seized and possessed of, and entitled to, in law or equity, to my beloved wife, Martha Bross, to have and to hold, use and enjoy, for and during her natural life. Provided, nevertheless, that her ownership and estate in the same is limited to a life only, as to such as may be undisposed of by her at the date of her death, and that as to any such property which she may think proper and choose to dispose of in any manner dur-

ing her natural life, the same I do hereby will and be-
queath and devise to her in fee simple and absolutely.

"That my said beloved wife shall have the power
and authority to sell and in any other way or manner dis-
pose of as she may choose, during her natural life, any
and all of said property, and when so sold and disposed
of she is authorized to make deeds of conveyance, bills of
sale and delivery, for and of the same to the grantee or
grantees, purchaser or purchasers, and donee or donees
of the same, as the case may be, conveying and passing to
such title in fee simple and absolute; and as to all such
property so disposed of by her, the same is hereby willed,
bequeathed and devised to her absolutely and in fee
simple.

"That all of my said property which my said wife
may not dispose of as aforesaid, and all which may be
undisposed of at her death, shall be divided equally in
two parts.  One equal part to go to my heirs of the first
*stirpes* under the laws of this State, and the other equal
part to go to the heirs of my said beloved wife, of the first
*stirpes.* .

"That none of the heirs herein referred to shall in
any wise interfere with my said beloved wife, either act-
ing as executrix or individually, in the management, con-
trol or disposal of any or all of said property under any
pretense whatever."

This will was dated April 2, 1877, and attached
thereto was the following codicil of date June 29, 1888:

"Being still of sound mind and disposing memory,
I make this, a codicil to the foregoing will, dated 2d of
April, 1877; that is to say, in the case of my death it is
my wish that my beloved wife, Martha Bross, the execu-
trix named in the foregoing will, be permitted to adminis-
ter on my estate without being required to give bond or
other obligation, and the court having jurisdiction is
asked to grant the necessary letters testamentary with-
out her having given bond or other obligation, and in case
my beloved wife should survive me and afterward die,
any portion of the property of my estate devised to her,

undisposed of, then that portion is to go equally to our heirs at law, respectively."

(1)    It is first contended that Mrs. Bross was seized in fee simple under the will of her husband of the lands there devised her.    Attorneys for appellant concede, in the very excellent brief which they have filed, that, when a life estate is expressly devised and the life tenant is given the power of disposition or appointment over the fee, this power does not enlarge the life estate into a fee. This is the effect of our decision in the case of *Archer* v. *Palmer*, 112 Ark. 527.    It is said, however, this will presents an exception to the rule because a fair construction of its provisions makes it appear that the application of the rule would defeat the intention of the testator, it being insisted that its entire language manifests the intention of the testator, for his wife to take a fee, although the phraseology employed literally creates only a life estate with the power of appointment attached, and that it should be construed to enlarge the apparent life estate into a fee.

The purpose of all rules for the construction of wills is to ascertain and effectuate the intention of the testator; but these rules are ordinarily resorted to only where there are ambiguous, inconsistent or repugnant clauses.

We think the provisions of this will in this respect are not inconsistent or ambiguous.    Here the testator gave his wife a life estate with the power of disposition which she might exercise during her lifetime, and while Mrs. Bross was given the power to make any disposition she pleased of the land the right was one which she was required to exercise, if it was exercised at all, during her lifetime, and, therefore, her estate in the land was not enlarged.

(2)    The second contention is that the will conferred upon Mrs. Bross the power of disposition under her will, and inasmuch as she disposed of it by her will, the property thereby passing is liable for the inheritance tax.    We have just expressed, however, our dissent from this view. Coupled with the grant of the power of disposition is the

. limitation that it shall be exercised "during her natural life." One can not dispose of property by will during natural life, for the will is effective from death, and the disposition is not effectuated until the testator is dead.

(3) It is finally insisted by counsel for the State that the devise of William Bross created an estate in fee simple in Mrs. Bross in an undivided one-half of the realty remaining undisposed of at her death by virtue of the operation of the rule in Shelley's case. And we agree with counsel in this respect. The body of the will contains the following provision:

"That all my property which my said wife may not dispose of as aforesaid, and all which may be undisposed of at her death, shall be divided equally in two parts. One part to go to my heirs of the *first stirpes* under the laws of the State and the other equal part to go to the heirs of my said beloved wife of the *first stirpes*."

The codicil to the will, among other things, provides:

"And in case my beloved wife should survive me and afterwards die, any portion of the property of my estate devised to her undisposed of, then that portion is to go equally to our heirs at law respectively."

Appellee insists the rule in Shelley's Case does not have application because under the codicil the undisposed of portion of the estate "is to go equally to our heirs at law respectively." Mr. Bross and his wife had no common heirs. His heirs were his brothers and sisters and descendants of brothers and sisters, and the same thing was true of Mrs. Bross. Appellee argues that the language quoted does not mean that the estate is to be divided into two equal parts, one of which is to go to the heirs of the testator, and the other to the heirs of his wife; but that the language means that the estate as a whole is to go to the heirs of William Bross and Martha Bross, and, therefore, the rule does not apply because the estate granted to Mrs. Bross is not granted to her heirs; in other words, the estate granted to Mrs. Bross for life was not granted in remainder to her heirs, but to his

heirs and her heirs equally. We think, however, this is. not the proper construction of the language employed.

The devise is not to his heirs and her heirs equally, but "is to go equally to our heirs at law respectively." And we attach some, though not controlling, importance to the use of the word "respectively." Webster's New International Dictionary defines the word "respectively" as follows: "As relating to each; in particular; as each belongs to each; each to each; as, let each man respectively perform his duty." And gives the word "distributively" as its synonym. And in defining the word "distributively" the distinction is drawn between the synonyms of that word, and it is there pointed out that "respectively distributes by particularizing."

We agree with appellant in his interpretation of the meaning of this codicil. It did not change the provision of the will which divided the property into two parts. The will contained a limitation both as to the testator's heirs and those of his wife "of the *first stirpes* under the laws of the State." We have been unable to find a definition of the term "*first stirpes*," but evidently it is a term of restriction and is narrower than that employed in the codicil, the language of which is "heirs at law." We think the only purpose and effect of this change in the language employed is to enlarge the class of heirs who might inherit. If it does this, the rule applies. *Maynard* v. *Henderson*, 117 Ark. 24.

It is our duty to construe the codicil in connection with the will and harmonize its language with the will where there is no repugnancy, and when we do so we see no intention on the part of the testator to change the disposition plainly expressed in the will to divide his estate into equal moieties. We agree with appellant, therefore, that the operation of the will as amended by the codicil, is to make the following conveyance: An estate to Mrs. Bross for life (with power of appointment annexed); upon her death one moiety of the undisposed of estate to go in remainder to her heirs, the other moiety to pass in remainder to the heirs of William Bross. And as, there-

fore, all the requisites for the operation of this rule are present, we must hold that it applies.

(4)  The will of Mrs. Bross undertakes to dispose of the entire estate, its manifest purpose being to dispose of the estate in accordance with the intentions of her husband.  That is, that her heirs should take one-half of the property and those of her husband the other half.  However, as the husband's heirs take the title under his will, that interest is not subject to the tax, but as the other half passes through Mrs. Bross and under her will, it is subject to the tax and it is therefore the duty of her executor to pay the tax on this half interest, and charge the same against the share of her heirs only, and the cause will be remanded with directions to assess the tax accordingly.