COMBS *v.* COMBS.

Opinion delivered March 7, 1927.

1. WILLS—CONSTRUCTION BY DECREE.—A decree finding that the widow of testator's son was, as sole legatee under the son's will, owner in fee of all the son's property, including property received under his father's will, *held* to construe such will as devising a fee simple to the son, and not a defeasible fee.

2. WILLS—REMAINDER IN FEE.—A devise to the testator's wife and son during their natural lives with remainder in fee to the son if he should survive the wife, gave to the son a fee-simple title after the wife's death, with power to convey by grant or devise.

3. WILLS—FEE-SIMPLE ESTATE—REPUGNANT LIMITATION.—Where a will conveyed a fee-simple estate to testator's son, an attempted limitation directing the disposition of the property in case of the son's death seized and possessed of the property without leaving children, is void as repugnant to the fee already. given.*

4. WILLS—ACCEPTANCE UNDER WILL.—In a suit by the sons of a nephew of a testator for partition claiming under a limitation in testator's will in favor of the sons of two nephews which was void as repugnant to a fee-simple remainder in testator's son, the son's devisee and the sons of the other nephew of the testator *held* not estopped to claim that the limitation in the will was invalid by the fact that, at such devisee's request, the court vested the property in the sons of one of the testator's nephews to the exclusion of the plaintiffs.

5. WILLS—ESTOPPEL OPERATING AS GRANT.—Where a widow, who became entitled to land as her husband's sole devisee, surrendered

---

*See *Farmers' & Merchants' Bank* v. *Hammond, ante* p. 1065 (Reporter).

rights thereto and asked the court to decree the title to be in certain of her husband's cousins, which order was made, the effect of her action was to grant the property to such cousins.

6. WILLS—DESCRIPTION OF DEVISEES.—An attempted limitation over in a will to the sons of the testator's three brothers, naming them, cannot be construed as applicable to the sons of two nephews so named, when the testator had only one brother, who was correctly named.

7. WILLS—DESIGNATION OF DEVISEES.—Parol evidence is admissible to identify a beneficiary under a will where the designation of the beneficiary is uncertain or ambiguous.

8. WILLS—DESIGNATION OF BENEFICIARIES.—A limitation in a will in favor of sons of "my three brothers, Alfred, Sewell and Isaac," *held* not uncertain or ambiguous in designation so as to admit parol evidence to identify the beneficiaries, though the testator had one brother and two nephews bearing the names designated.*

Appeal from Washington Chancery Court; *Lee Seamster,* Chancellor; affirmed.

Action by C. F. and H. C. Combs, sons of Sewell Combs, and others, against A. T. and J. W. Combs, sons of Isaac G. Combs and others. Complaint dismissed, and plaintiffs have appealed.

STATEMENT BY THE COURT.

On the 25th day of January, 1926, appellants commenced this action in the chancery court of Washington County, charging that, on the 25th of April, 1899, Nathan Combs, late a resident of Washington County, died testate, leaving surviving his widow, Elizabeth Combs, and his son, Isaac Combs; that said will was admitted to probate in Washington County, and by the terms of which he made certain specific bequests, and then disposed of the remainder of his estate in the following language:

"And I give and bequeath the residue of my estate, after my funeral expenses and just debts have all been paid, to my beloved wife, Elizabeth Combs, and to my son, Isaac Combs, for and during their natural lives, with the remainder in fee to Isaac G. Combs if he should survive my said wife, and in the event that my said son,

*Compare *Boone* v. *Boone,* 114 Ark. 69, 4th headnote. (Reporter).

Isaac G. Combs, should fail to have a child or children born to him, and should die seized and possessed of any of said property, I desire and will that the same be divided equally between the sons of my three brothers, Alfred, Sewell and Isaac Combs.''

It is further alleged that said Isaac G. Combs, son of the testator, survived his mother, and died testate without issue on the 26th of March, 1925, and that his will was admitted to probate in said county; that, at the time of his death, the said Isaac G. Combs was seized and possessed of a large amount of real property which had come to him through the estate of his father; that, at the August, 1925, term of the Washington Chancery Court, in an action between Martha Combs *et al.* against the unknown heirs of Henderson Combs *et al.* the court entered a decree finding that, under the will of Isaac G. Combs, his wife, Martha Combs, was the sole beneficiary and legatee, and, as such, was the owner in fee of all the real and personal property of which the said Isaac G. Combs died seized and possessed. The court then finds that he died without having born to him any child or children, and that he died seized and possessed of a large amount of real property which came to him under the will of his father, Nathan Combs, which is set out and described at length. The court further found in its decree, after quoting the paragraph of the will above set out, that Elizabeth Combs, the wife of Nathan Combs, died prior to the death of Isaac G. Combs, and that Alfred Combs, brother of Nathan Combs, mentioned in his said will, as above, had six sons, all of whom died prior to the death of Isaac G. Combs; that Isaac Combs, brother of Nathan, mentioned in his will, had three sons, J. W., A. T. and R. L. Combs, and that said R. L. Combs died about the year 1900 and left surviving him the plaintiffs, L. R. Combs and W. O. Hicks, and that therefore the only sons of the brothers mentioned in the will of Nathan Combs who were living at the time of the death of Isaac G. Combs were the plaintiffs, A. T. and J. W. Combs.

The court further found in said decree that, under said paragraph of the will of the said Nathan Combs, above set forth, any right, interest or property bequeathed to the sons of said brothers was contingent and would not vest under said will until the death of the said Isaac G. Combs, and that therefore none of the children nor heirs at law of the sons of the brothers of Nathan Combs, who died prior to the death of the said Isaac G. Combs, acquired any interest under the will of said Nathan Combs, and that A. T. and J. W. Combs acquired all the interest or right conveyed by the above provision of said will.

The court further found that the plaintiff, Martha Combs, his widow and sole legatee under the will of her husband, Isaac G. Combs, "announced in open court, by her counsel, that she desires that the property hereinbefore set out and described be vested and conveyed under and by virtue of the provisions of the will of the said Nathan Combs, deceased, as above set forth, and construed by this court as to the validity of said provisions of said will as against the said plaintiff, Martha Combs."

The court further found that Martha Combs was entitled in fee to all other property of which her husband, Isaac G. Combs, died possessed, and that she was entitled to the rents collected on the city property up to October 1, 1925, and the rents and profits from the farm lands for the year 1925, being the lands which the court found that the plaintiffs, A. T. and J. W. Combs, were entitled to.

It further found that A. T. and J. W. Combs were each the owners in fee of an undivided one-half interest in said lands, and the court entered a decree based upon said findings; that thereafter the court entered a partition decree dividing the lands between the plaintiffs, A. T. and J. W. Combs, based on the report of the commissioners theretofore appointed.

The complaint continued by alleging that C. F. and H. H. Combs were the only sons of Sewell Combs,

referred to as a residuary legatee in the will of Nathan Combs, and that other of the plaintiffs are the daughters and widow of Sewell Combs; that T. A., W. M., I. N., S. S., Jr., and James H. Combs are the only sons of Alfred Combs, referred to as residuary legatee in the will of Nathan Combs, and, in November, 1904, they conveyed all their interest in the estate of Nathan Combs to Sewell Combs; that Alfred Combs and Sewell Combs, named in the will of Nathan Combs, were not his brothers, but were nephews, and that the will erroneously designated them as brothers of the testator, when, as a matter of fact, they were nephews, and that Nathan Combs did not have a brother named Sewell Combs, and that it was the intent of the testator, Nathan Combs, that the sons of his nephew, Alfred Combs, should receive an undivided one-third interest in the residue of his estate remaining in the hands of his son, Isaac Combs, at the time of his death; that it was the intent of said testator that the sons of his nephew, Sewell Combs, should receive a like undivided one-third share, and that the sons of his brother, Isaac, should receive a like undivided one-third share therein.

It is further alleged that the plaintiffs, C. F. and H. H. Combs, as sole and only sons of the nephew, Sewell Combs, are the owners of an undivided one-third of the real property as a residuary legatee under the will of Nathan Combs; that the plaintiffs, C. F., H. H. and Annie Belle Combs and Alice Pieratt, are the owners of an undivided one-third interest therein, subject to the dower right of the plaintiff, Kate Combs, by virtue of inheritance from the nephew, Sewell Combs, of the share purchased by him from the said T. A., W. M., I. N., S. S. and James Combs; that these plaintiffs were not made parties to the action of Martha Combs and others against the unknown heirs of Henderson Combs and others, prosecuted in the chancery court at the August, 1925, term, and had no notice or knowledge of said action whatever; that the decree rendered in said action is erroneous in giving to J. W. and A. T. Combs an equal share of all

said property, when they were in fact entitled to only an undivided one-third share jointly in said estate.

The complaint then sets up the decree of partition heretofore mentioned, and recites certain conveyances that A. T. and J. W. Combs and wife have made since said partition decree, and pray that both decrees be modified, canceled and annulled in so far as they attempt to decree the entire estate to A. T. and J. W. Combs, and that the share and interest of each of the plaintiffs in this action be decreed to them, for partition, and that the sales and incumbrances theretofore made under said decrees be set aside, and for other relief.

To this complaint the appellees filed a general demurrer, which the court sustained, and entered a decree dismissing same for want of equity, from which comes this appeal.

*C. D. Atkinson*, for appellant.

*Johnson & Combs, W. N. Ivie, H. L. Pearson* and *E. B. Wall*, for appellee.

McHANEY, J., (after stating the facts). The question for decision on this appeal is whether the complaint states facts sufficient to constitute a cause of action. Counsel for appellants first insist that the decree of the chancery court of October 2, 1925, construed the will of Nathan Combs "as devising a defeasible fee in said real property to Isaac G. Combs, and, upon his death without issue, the remainder to the sons of Alfred, Sewell and Isaac Combs." In this contention we believe counsel is in error, for this is not the effect of the finding of the chancery court. It found "that Isaac G. Combs died testate in Washington County, Arkansas, March 6, 1925, and that his last will and testament has been duly probated in the manner required by law, and that said last will and testament provided 'that, after the payment of all my just debts and funeral expenses, I will, devise and bequeath all my property, both real and personal, to my beloved wife, Martha Combs, to her sole use and benefit,' and that, under this provision of said will, plaintiff, Martha Combs, was the sole beneficiary and legatee

under said will, and, as such sole legatee, was the owner
in fee of all the real and personal property of which the
said Isaac G. Combs died seized and possessed, and that
the said Isaac G. Combs died without having born to him
any child or children, and that he died seized and pos-
sessed of the real estate situated in Washington County,
Arkansas, which he derived from and under the last will
and testament of his father." Therefore it is manifest
that, instead of the court decreeing that Isaac G. Combs
was devised a defeasible estate under the will of his
father, the court did find and decree that Isaac G. Combs,
by the will of his father, Nathan, became the owner in
fee simple of said lands, and that Martha Combs became
the owner thereof in fee as sole beneficiary and legatee
under the will of her husband. If Isaac G. Combs got
only a defeasible fee, how could his wife get the absolute
fee under his will? Certainly she could acquire by virtue
of his will no greater interest in the lands than he had.
This being true, appellants' whole argument, based on
this assumption, must fall, as it is without foundation to
support it.

Under that paragraph of the will of Nathan Combs
hereinbefore quoted, the residue of the testator's estate
was given to his wife, Elizabeth, and his son, Isaac, for
and during their natural lives, "with remainder in fee
to Isaac G. Combs, if he should survive my said wife."
The lower court found that this clause gave to Isaac G.
Combs the fee simple in said lands, and that his will gave
to his wife, Martha, the same estate, the fee, and we
think the court was right in so holding. The clause fol-
lowing, after vesting the fee in the remainder in Isaac
G. Combs, is: "And in the event my said son, Isaac G.
Combs, should fail to have a child or children born to
him, and should die seized and possessed of any of said
property, I desire and will that the same be divided
equally between the sons of my three brothers," nam-
ing them.

Under the decisions of this and other courts gener-
ally, this clause of the will must be held to be mere sur-

plusage, and void, for the reason that it is a subsequent clause attempting to limit a clear fee already given by the testator.

The general rule is laid down in 40 Cyc, pages 1585, as follows: "A limitation over, after a clear fee is given, on the death of the first taker, at a certain age, or without issue, children, or heirs, or intestate, or on his or her marriage, is usually void, and leaves a fee in the first taker. So a fee may be created notwithstanding other restrictions. Where property is given in clear language sufficient to convey an absolute fee, the interest thus given should not be taken away or diminished by any subsequent, vague, or general expressions in the will. Where fee is clearly given, a limitation over of the remainder is void as inconsistent with the fee granted, whether the gift over is expressed to be of what remains, or may be left, or the residue, or is on death of the first taker without having disposed of the property."

Many authorities are cited in the footnotes to sustain the above declaration of law.

In the case of *Bernstein* v. *Bramble,* 81 Ark. 480, 99 S. W. 682, the following clause in a will was under consideration: "All the rest, residue and remainder of my estate, real as well as personal, and wheresoever situated, I hereby give, devise and bequeath to my beloved wife, Minna Elle, to have and to hold the same in fee simple forever. But, in the case of the death of my beloved wife, it is my will that all the estate then remaining and not disposed of by her by a last will or other writing shall pass to my said brother, Moritz Elle, and my sister, Henrietta Bernstein, or their heirs in equal parts." This is a very similar paragraph to the one in question, and, in construing same, this court said: "The property in controversy was devised to Minna Elle in fee simple 'with an absolute power of disposition either by will or devise clearly and unmistakably implied,' according to the authorities cited, the limitation over to Moritz Elle and Henrietta Bernstein is void."

The cases on this question were exhaustively reviewed by Judge BATTLE, who wrote the opinion in the Bernstein case, and, among others, he quoted from Page on Wills, § 684, which, as said in *Davis* v. *Sparks,* 135 Ark. 417, 205 S. W. 804, "is peculiarly applicable to the case in hand."

It follows: "It not infrequently happens that a testator disposes of property in fee,.and then attempts to provide for the disposition of the property after the death of the devisee in fee simple. A provision of this sort is to be carefully distinguished from the cases where a fee simple is cut down to a life estate by a devise over after the death of the first taker. The distinction between the two classes of cases, though not strongly marked, is well recognized by the courts. If the devise over upon the death of A is intended to pass entire property, it is evident that the testator contemplated that A should take only a life estate, without any power of disposing of his property for a longer term than his own life. But where the devise over upon the death of A shows that A was vested with a fee simple estate, and that testator wishes him to have such an estate, but to direct the course of its descent upon his death, the limitation over after the fee is repugnant to the nature of the estate, and void. * * * A condition that, if devisee does not dispose of his property in any way during his life-time, it shall pass to certain named persons, is held to be void." *CarlLee* v. *Ellsberry,* 82 Ark. 209, 101 S. W. 407; *Davis* v. *Sparks,* 135 Ark. 417, 205 S. W. 803; *Archer* v. *Palmer,* 112 Ark. 527, 167 S. W. 99; *Fies* v. *Fiest,* 145 Ark. 351, 224 S. W. 623.

Clearly Isaac G. Combs took the fee, and had the power to convey, either by deed or by will, and this is further evidenced by the clause, "and should die seized and possessed of any of said property." Evidently this contemplated that he might sell and dispose of the property during his lifetime, conveying the fee thereto, and, if so, he could dispose of it by will at his death. Having done so, the fee vested in his wife, Martha Combs.

Counsel for appellants next contend that, even though this may be the correct rule, and although Martha Combs may have taken the fee, yet he says she renounced the will of her husband, and that she and J. W. and A. T. Combs are estopped to raise the question of the invalidity of the subsequent clause in the will of Nathan Combs, aforesaid; that a devisee or legatee who has accepted benefits under a will is estopped to deny its validity. No doubt this is a correct declaration of law, but we do not think the facts, as reflected solely by the decrees of the chancery court as set out in appellant's complaint, which is the only evidence in the record now before us, justify the conclusion that appellees assumed or took any position in that cause contradictory to the one they now take in this case. The pleadings in the chancery court in the Martha Combs case are not before us. Judging from the decrees in the record we are of the opinion that appellees were seeking the construction of the two wills, that Martha Combs desired a construction of the will of Nathan, in which the two appellees joined, to ascertain who was entitled to the property under said clause of said will, if same was legal, and the court decreed that appellees, J. W. and A. T. Combs, being the survivors of the class mentioned in said will, would take the whole of said property. She then asked that said property be decreed to them, or, in other words, that her title to said property under the will of her husband be divested out of her and vested in them. We do not think this amounted to a renunciation or a refusal to accept the legacy under the will of her husband. At least it cannot be said that either she or the other appellees accepted any benefits under the will by her action, but, on the contrary, she surrendered certain rights under the will, and the other appellees accepted her grant or gift. The effect of her action was to grant or give to J. W. and A. T. Combs, as the only survivors of the class mentioned in the will of Nathan Combs, the property in controversy, and the decree of the court passed the title as per her request.

Appellants' next contention is that, the complaint having alleged that C. F. Combs and H. H. Combs are the sons of Sewell Combs, named in the will of Nathan Combs, and that Nathan Combs .never had a brother named Sewell, but that said Sewell Combs, of which said appellants were sons, was in fact a nephew of Nathan Combs, and that it was the intention of Nathan Combs to designate the sons of his nephew, Sewell Combs, instead of his brother, Sewell Combs, states a cause of action. But the language of the will of Nathan Combs was: "To the sons of my three brothers, Alfred, Sewell and Isaac Combs." The contention of appellants is that Nathan Combs intended only to mention the sons of one brother, Isaac Combs, and intended to mention his two nephews, Alfred and Sewell Combs, instead of his two brothers, Alfred and Sewell Combs. To do so, we would have to change the language of the will to read: "To the sons of one brother, Isaac Combs, and to the sons of two nephews, Alfred and Sewell Combs." We cannot do this, and we cannot hold that the testator intended to name the sons of two nephews instead of the sons of the two brothers named. This clause of the will, upon this allegation of the complaint, would be void for uncertainty. 40 Cyc., 1445, announces the rule of the law on this point as follows: "In order that a beneficiary may take under a will, he must be designated therein, either by name or by description, with such certainty that he can be readily identified and distinguished from every other person, otherwise the devise or bequest is void for uncertainty."

But counsel contends that parol evidence is admissible for identifying the beneficiary. This is always true where there is uncertainty or ambiguity in the designation of the beneficiary. In the case of *McDonald* v. *Shaw,* 81 Ark. 240, 98 S. W. 953, cited by appellant, this court said: "It is an elementary rule of construction that a bequest or devise will not fail because of a mere inaccuracy in the designation of the beneficiary, where the meaning of the testator can be gathered with reasonable

certainty from the instrument itself, or where the identity of the object of his bounty can be shown by extrinsic evidence; and such evidence is always admissible for the purpose of identifying the beneficiary, where there is uncertainty or ambiguity in the designation."

A complete answer to this contention is that, in the case at bar, there is no uncertainty or ambiguity in the designation, "to the sons of my three brothers, Alfred, Sewell and Isaac Combs." It does not read to the sons of one brother and two nephews, but to the sons of three brothers. Therefore parol evidence would not have been admissible in proof of the allegation in the complaint. 40 Cyc., 1440.

The decree of the chancery court dismissing appellants' complaint for want of equity is therefore affirmed.