PAYNE *v.* HART.

Opinion delivered October 22, 1928.

*Griffin Smith,* for appellant.

*Daggett & Daggett,* for appellee.

KIRBY, J. This appeal is prosecuted from a decree compelling specific performance of a contract of purchase of land. The case was tried upon an agreed state-

ment of facts, from which it appears that D. W. Dover was the owner and in possession of the 53.64 acres of land in Lee County, known as the Adams land, prior to the 24th day of July, 1908, described in the first item of his will. The said Dover died testate after said date, and a copy of the will was duly admitted to probate. John E. Hart, appellee, and the devisee mentioned in the first item of the will, with his family has occupied the land since the death of the testator. On the 4th day of November, 1927, appellee entered into a written contract of sale and purchase of the lands with appellant. On December 1, 1927, Hart and wife, appellees, executed a deed conveying the lands, in accordance with the contract of sale, to appellant, with a covenant of general warranty, and tendered same to appellant, who refused to accept it and perform the contract of purchase, claiming that an examination of the title disclosed that appellees were not the owners of the lands in fee simple, but only took a life estate under the will of the said D. W. Dover.

Norma Hart is the wife of J. E. Hart, and they have one living child 23 years of age.

It was agreed that the only question for determination by the court was whether or not the fee-simple title held by Dover was devised to appellee by the will, and whether the deed executed by appellees and tendered to appellant was sufficient to convey him a good and merchantable title to the lands. The first item of the will reads:

"I will and bequeath to my nephew, John E. Hart, his heirs forever, the 53-acre tract that he now lives on, being a part of what is now ( ) as the Adams land. Said land being entailed to the heirs of the said John E. Hart forever. Never to be mortgaged or sold."

The court construed the will to convey a fee-simple estate, and decreed a specific performance of the contract, from which this appeal is prosecuted.

The only question necessary for determination is the correctness of the holding that the clause in the will devised a fee-simple estate to appellee, John E. Hart.

The devise was made, "to my nephew, John E. Hart, his heirs forever," describing said tract of land upon which the devisee lived, and "said land being entailed to the heirs of the said John E. Hart forever. Never to be mortgaged or sold." The purpose of construction of a will is to ascertain the intention of the testator from the language used as it appears from consideration of the entire instrument, and, when such intention is ascertained, it must prevail, if not contrary to some rule of law. The first paragraph of item one of the will, by express language, "to my nephew John E. Hart, his heirs forever," clearly conveyed an absolute fee to the devisee, John E. Hart, and the interest thus given could not be cut down or diminished by the later conflicting and repugnant clause declaring the land "entailed to the heirs of the said John E. Hart forever. Never to be mortgaged or sold." *Bernstein* v. *Bramble,* 81 Ark. 480, 99 S. W. 682, 8 L. R. A. (N. S.) 1028, 11 Am. Cas. 343.

There is nothing in the language indicating an intention to give a life estate to the devisee and the heirs of his body, except the word "entailed," which cannot have effect to limit the fee expressly given to said devisee and his heirs to an estate tail, the devisee taking a life estate only under the statute. *Hardage* v. *Stroop,* 58 Ark. 303, 24 S. W. 490; *Willmans* v. *Robinson,* 67 Ark. 517, 291 S. W. 818.

The sentence providing "never to be mortgaged or sold," was an attempt to deprive the fee simple estate devised of its alienability, and is void for repugnancy. *Fies* v. *Feist,* 145 Ark. 351, 224 S. W. 633; *Letzkus* v. *Nothwang,* 170 Ark. 403, 279 S. W. 1006; *Davis* v. *Sparks,* 135 Ark. 413, 205 S. W. 803; *Combs* v. *Combs,* 172 Ark. 1173, 291 S. W. 818.

The chancellor correctly construed the will as creating a fee simple estate in the devisee, John E. Hart, who could convey a good and merchantable title to the lands by the deed tendered, and did not err in requiring specific performance of the contract of purchase by appellant.

The decree is affirmed.