## DAVISON v. McCALL.

### 4-4298

Opinion delivered April 27, 1936.

*John C. Sheffield,* for appellant.

*Trimble, Trimble & McCrary* and *W. P. Beard,* for appellee.

BAKER, J. This suit was filed by A. O. McCall, as the executor in succession of the estate of George Sibly, deceased, against Alice Davison, administratrix of the estate of Sarah S. Sibly, deceased. George Sibly and Sarah S. Sibly were husband and wife. George Sibly died long prior to the death of Sarah S. Sibly. When George Sibly died he left a will whereby he disposed of his property, giving and bequeathing to his wife all of it for her lifetime, but with the full power of disposition, sale or other alienation of the property as she might wish,

with the remainder, after the termination of her life estate, however, to his heirs.

There is no controversy between the parties as to the will or its construction, and for that reason time or space will not be taken to set it forth herein. Let it be sufficient to say that the will was not essentially different from that of Mr. Coffman, the testator, in the case of *Little Rock* v. *Lenon*, 186 Ark. 460, 54 S. W. (2d) 287.

The only question for determination here is a question of fact. It was asserted by the plaintiff and denied by the defendant that the property in controversy, notes and mortgage for the sum of $2,500, in the custody of the appellant and claimed by her as belonging to the estate of Sarah S. Sibly, belong to the estate of George Sibly, deceased.

The abstract shows, among other things, that the notes in question were payable to Sarah S. Sibly, and the mortgage securing the same is a conveyance to her; that she was the owner of certain real property in her own right, acquired prior to the death of her husband. There were several different tracts of land that she owned as well as others that she acquired under the will.

We are inclined to think that appellant's theory in the presentation of the case is to the effect that the evidence offered herein is not sufficiently strong to overturn the presumption that the notes and mortgage securing the same belonged to Mrs. Sibly, as they were made to her as payee, and for the further reason that the original evidences of this same debt were transferred or assigned to Mrs. Sibley for an account in an insolvent bank, which account shows that she had on deposit in that bank, at the time it failed, about $2,700. The presumption would be sufficient were it not for the fact that it is rebutted by testimony which is not disputed. This testimony is to the effect that when Mr. George Sibly died the officers of the Bank of Central Arkansas, being acquainted with the conditions, transferred George Sibly's bank account to Mrs. Sibly.

Later, when the Bank of Central Arkansas failed, Mrs. Sibly's account, so acquired, amounted to something

more than $19,000. The Bank of Central Arkansas paid a dividend of 53 per cent., and from that account Mrs. Sibly received checks or dividends amounting to nearly or about $10,000. These she deposited in a Lonoke County bank. Her account was continued in that bank until it became insolvent. It had been reduced at that time to about $2,700. The liquidating agent in charge of the bank transferred to her the notes and mortgage of W. J. Waggoner for $2,500 in settlement of her account in the Lonoke County Bank.

There was another item of $2,500 in government bonds, which Mrs. Sibly had given to one of her neighbors for services and attentions bestowed upon her by the neighbor throughout the years. The question of title and ownership of the government bonds, however, was settled by a decree in the chancery court, and from that decree, as to that item, there has been no appeal.

It is argued that since Mrs. Sibly had other property that she must have added her own individual moneys to the bank accounts from time to time, and that it was error to treat the entire amount as belonging to the estate of George Sibly.

Records of the banks are not available. Some have been lost, some were stored in an outhouse, which burned some time ago, and the record is wholly lacking in proof of any additions to the Sibly account throughout the years, and we do not see that there could be a legal presumption that any additions were made thereto.

It is true that Mrs. Sibly sold several pieces of property. She may have received cash upon these sales, or may have collected payments from time to time. The record, however, is wholly silent as to any additions to the Sibly account. Further, when Mrs. Sibly sold some of the Sibly estate, in the execution of her deed, she recited the fact that title was acquired by her from the estate of her husband. If there were any deposits made by her they were evidently made as restorations to the estate left by the husband. If this were not true, she should have made or left such record or evidence where-

660

by her personal or individual property could have been identified. 1 Restatement of Law of Trusts, § 180.

This, in effect, was all of the proof. The decree is in conformity with it.

The evidence, we think, by preponderance supports the decree of the chancellor. It is affirmed.