UNITED STATES OF AMERICA *v.* MOORE.

4-5348                                    124 S. W. 2d 807

Opinion delivered February 6, 1939.

*Golden W. Bell, Clinton R. Barry, Duke Frederick* and *John E. Harris,* for appellant.

*Minor Pipkin, Robert L. Rogers* and *Osro Cobb,* for appellees.

HOLT, J.   Annie Moore, appellee, began this action in the Polk chancery court against Olen R. Wood, administrator, with the will annexed, of the Estate of T. A. Beck, deceased, for the recovery of certain property in his hands as such administrator. Appellee's claim to said property was based upon an alleged oral gift to her by the said T. A. Beck, shortly before his death,

and which he held as legatee under the will of his wife, Lizzie Beck, who pre-deceased him by five days. The administrator interposed a general denial of all allegations in appellee's complaint, and appellant, United States of America, intervened in the suit claiming the property on the ground that it was designated as the sole beneficiary under the last will and testament of T. A. Beck, deceased, and under its terms intervener claims to be the equitable owner of the property set out in appellee's complaint, and of which the said T. A. Beck died seized and possessed subject only to his debts.

T. A. Beck and Lizzie Beck were husband and wife, T. A. Beck being the older by several years. No children were born to their marriage and neither had been married before, hence they died childless. The nearest of kin to each at the time of their deaths were certain nieces, appellee being the niece of T. A. Beck. In 1912, T. A. Beck executed a will giving all his property at his death to his wife, Lizzie, in fee. In 1930, Lizzie Beck made her will leaving her property to her husband as sole legatee in fee. In 1935, both executed codicils to their wills providing that if any of the property so willed to the other remained in his, or her, hands unused or unexpended at the time of the death of the other, such property should be paid over and delivered to the United States Government to be expended in such manner as the laws of the Government provided. Lizzie Beck died on the 27th day of January, 1937, and T. A. Beck died five days later. Trial of the cause resulted in a decree in favor of appellee from which appellant has appealed to this court. The administrator took no appeal.

The material portions of the will of Lizzie Beck are: ... "I do give, devise and bequeath to my husband, T. A. Beck, all the rest and residue of my estate, both real and personal, of whatsoever kind wheresoever located of which I may die seized and possessed for his own proper use and benefit and to be owned, controlled and disposed of by him as he may desire to do", and in the codicil: . . . "I further will and direct that at the death of my said husband, T. A. Beck, that whatever of

my estate of every kind and nature which shall remain unused or unexpended by him, shall be paid over and delivered to the Government of the United States to be expended by the United States in any way or manner authorized by the laws of the United States.''

Appellant very earnestly insists here that the trial court erred in two respects: 1. In refusing to hold that the will of Lizzie Beck, as modified by the codicil thereto, restricted the use of the property of T. A. Beck, which passed to him as beneficiary thereunder, to his own needs and did not give him unrestricted power to dispose of any of said property for any other purpose. 2. In refusing to hold that T. A. Beck was without power or authority to make a gift of any of such property to appellee or to anyone else and that no valid gift was made.

The view that we take of this case makes it necessary for us to consider the first assignment only. This case clearly turns upon the construction and interpretation of the above provisions of the will of Lizzie Beck. We think the comparatively recent case of *Little Rock* v. *Lenon,* 186 Ark. 460, 54 S. W. 2d 287, controls here. In that case the testator in 1896 willed all of his property in fee to his wife (they having no children), as his sole beneficiary, the will providing: ''I give, devise and bequeath to my beloved wife, Jean H. Coffman, all the property, real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my death.'' In 1923, he added the following codicil to his will: ''It is my will that all property left by me to my wife which has not been used or expended by her during her lifetime be donated and turned over to the City Hospital of Little Rock as a memorial to her and to me and to be used by the management of said hospital in such manner as they may deem to the best interest of same.'' It will be noted that these provisions in the Coffman will are almost identical with those above set out in the will of Lizzie Beck in the instant case. We think that there can be no material difference in their interpretation and the effect that should

be given them. The reasoning in the Lenon Case, *supra,* is so applicable to the instant case that we shall quote liberally from it.

Beginning on page 462 in the opinion, this court said: "We are all agreed that by the original will of Judge Coffman, his widow, Jean H. Coffman, would have acquired fee simple title to all his property, had he not later executed the above codicil. We are also agreed that the codicil did not limit her power to use, expend, sell, convey or otherwise dispose of the property in her lifetime left her by his will. The difficulty of the writer has been to determine what effect the codicil had on the property left by him which had 'not been used or expended by her.' The majority hold that while the estate conveyed to her in the original will was the fee, the effect of the codicil was to convert the fee originally granted into a life estate with full power of disposition, and that, if any part of the estate devised to her remained unused or unexpended at her death, it thereupon passed as directed in the codicil. Some courts hold that a life estate, coupled with unlimited power of disposition, is equivalent to a fee simple title. The great weight of authority, however, including this court, supports the rule that a life estate may be created, coupled with power of disposition, and that such power does not change the life estate into a fee for the reason that the power of disposition is not in itself an estate, but is an authority so to do derived from the will. See 17 R. C. L., p. 624, § 13. We so held in *Archer* v. *Palmer,* 112 Ark. 527, 166 S. W. 99, Ann. Cas. 1916B, 573, even though the power of disposition might defeat the rights of a remainderman. See, also, *State* v. *Gaughan,* 124 Ark. 548, 187 S. W. 918; *Galloway* v. *Sewell,* 162 Ark. 627, 258 S. W. 655; *Reddin* v. *Cottrell,* 178 Ark. 1178, 13 S. W. 2d 813. We have many times held that there can be no limitation over after a fee in a will for the reason, as stated in *Moody* v. *Walker,* 3 Ark. 147, that 'if a legatee possesses the absolute right of property, he certainly has the power of disposing of it in any way he may think proper, and therefore he might defeat the devise or

limitation over.' See also *Bernstein* v. *Bramble,* 81 Ark. 480, 99 S. W. 682, 8 L. R. A., N. S. 1028, 11 Ann. Cas. 343; *Davis* v. *Sparks,* 135 Ark. 412, 205 S. W. 803; *Fies* v. *Feist,* 145 Ark. 351, 224 S. W. 633; *Letzkus* v. *Nothwang,* 170 Ark. 403, 279 S. W. 1006; *Combs* v. *Combs,* 172 Ark. 1073, 219 S. W. 818; *Payne* v. *Hart,* 178 Ark. 100, 9 S. W. 2d 1059; *First Nat. Bank* v. *Marre,* 183 Ark. 699 38 S. W. 2d 14. But here there has been no attempted limitation over after a fee. The codicil operates only on such property of his as may not have been 'used or expended' by her. If there is no such property, the codicil is ineffective. The codicil does not attempt to control her in any disposition of such property during her lifetime, but is, in the view of the majority, a disposition of such of his property as may remain unused or unexpended at her death. The rule announced in the above-cited cases, as to a limitation over after a fee given, has no application here.

"The general rule relative to the construction of a will and a codicil is stated in 28 R. C. L., p. 199 as follows: 'It is the well-settled general rule that a will and codicil are to be regarded as a single and entire instrument for the purpose of determining the testamentary intention and disposition of the testator, and both instruments together will be construed as if they had been executed at the time of the making of the codicil. They will not, however, be considered as a single instrument where a manifest intention requires otherwise. The construction of the provisions contained in a will and codicil may be different from that which would be given to the same provisions all embodied in a will. This is due to the fact that the mere taking of a codicil gives rise to the inference of a change in intention, and such an inference does not arise in the case of a will standing by itself. When a will and codicil are inconsistent in their provisions, the codicil, being the latest expression of the testator's desires, is to be given precedence.'

"This court follows the general rule above stated. In *Gibbons* v. *Ward,* 115 Ark. 184, 171 S. W. 90, we said: 'A codicil is in legal effect a republication of the will, and the whole is to be construed together as if executed at the

date of the codicil.' This was quoted with approval in *Rogers* v. *Agricola,* 176 Ark. 287, 3 S. W. 2d 26. . . . The will and the codicil are to be construed together to ascertain the intention of the testator. If the codicil is in conflict with the will, the codicil governs. We have many times held that, where the provisions of a will are in conflict, the last provision is controlling.''

We think it clear, therefore, that Lizzie Beck, when her will is considered from its four corners, intended that her husband should enjoy the full use and benefit of all of her property during his lifetime and that he had the power to use, expend, sell, convey, or dispose of the property just so long, in doing so, as it was for his own personal use and benefit, and that at his death any property, remaining unused and unexpended by T. A. Beck for his own use and benefit, must be paid over and delivered to the appellant, United States of America. We hold, therefore, that the effect of the will and codicil is to limit in T. A. Beck a life estate, and not an estate in fee, and that all of said property remaining unused and unexpended at his death reverted to appellant. It necessarily follows that any attempt by T. A. Beck to give away the property in question would be void, and of no effect as against the rights of appellant.

Here we have two, childless, old people who, no doubt, held strong feelings of gratitude toward a Government which had been most generous to them, and i was not unnatural—if unusual—for them to want to r' turn to their benefactor whatever of their estate, made up largely of pension money, remained unused and unexpended at their deaths. We conclude, therefore, that the court erred in its construction and interpretation of the will, and the cause is accordingly reversed and remanded with instructions to the court to enter a decree directing the delivery of said remaining property to the appellant after all debts have been paid, and with the costs of this appeal assessed against appellant.

MEHAFFY, J., dissents.